**John A. COOPER, Plaintiff,**

v.

**NEW YORK STATE DEPARTMENT OF HUMAN RIGHTS, Edward Mercado, Michael Colon, John Lind, and Valerie Lovelace, Defendants.**

**No. 97 Civ. 891(JSR).**

United States District Court, S.D. New York.

Dec. 12, 1997

Paul Nack, Lysaght, Lysaght & Kramer, P.C., Lake Success, NY, for Plaintiff.

Christy L. Reuter, Assistant Attorney General of the State of New York, New York City, for Defendants.

## MEMORANDUM ORDER

RAKOFF, District Judge.

Plaintiff, a former employee of defendant New York State Department of Human Rights ("NYSDHR"), brought this action alleging employment discrimination on the basis of age, race and disability in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination and Employment Act, 29 U.S.C. § 621 *et seq.* (the "ADEA"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* (the "ADA"), 42 U.S.C. §§ 1981 and 1983, and certain provisions of New York State law. Defendants timely moved for summary judgment. Upon consideration of the parties' written submissions and oral arguments, the Court, on September

18, 1997, granted defendants' motion for summary judgment with respect to all of plaintiff's ADEA claims against all defendants and with respect to all of plaintiff's Title VII claims against the individual defendants, but the Court reserved judgment on all other aspects of the motion pending an evidentiary hearing addressing whether plaintiff timely commenced this action within 90 days of receipt of his "right to sue" letter. On October 21, 1997, prior to the scheduled date of that hearing, defendants informed the Court that, based on new information, they were no longer contesting timeliness in terms of the 90–day period. Accordingly, the Court now addresses the remaining aspects of defendants' motions.

The pertinent facts, either undisputed or taken most favorably to plaintiff, may be briefly summarized. Plaintiff John A. Cooper, a 53–year old African American male and an honorably discharged veteran, was appointed NYSDHR Human Rights Regional Director for Lower Manhattan effective November 1, 1990. On July 11, 1994, Cooper submitted a request for leave under the Family Medical Leave Act and, later that same day, injured his knee on a conference table at work. The following day, he informed NYSDHR that he was not coming to work because of that injury. See Affirmation of Christy L. Reuter, dated August 4, 1997 ("Reuter Aff."), Ex. M. After submitting the appropriate documentation, see Reuter Aff., Exs. C, D, G, Cooper was approved for worker's compensation benefits, Reuter Aff., Ex. G.

Apparently questioning the veracity of Cooper's claim of injury, the NYSDHR asked the New York State Insurance Fund to administer a medical examination, see Declaration of Paul Nack, dated August 18, 1997 ("Nack Decl."), Ex. C (Lovelace Dep. at 90–94), and also asked the Inspector General to investigate Cooper's activities while he was on leave, id. at 76–77. Neither the State Insurance Fund nor the Inspector General found any impropriety, id.; see also Reuter Aff., Ex. K, and Cooper continued to receive benefits.

On May 3, 1995, NYSDHR sent Cooper a letter informing him that the statutory leave period was about to expire, following which he would be placed on leave without pay. Reuter Aff., Ex. N. A second letter dated May 22, 1995 informed plaintiff that, pursuant to New York's Civil Service Law, his employment would terminate on July 11, 1995 if he did not return to work before that date. Reuter Aff., Ex. O. Cooper thereupon scheduled his return to work for June 15, 1995, see Reuter Aff., Ex. Q, but failed to appear, calling in sick on June 15 and June 16. NYSDHR thereupon sent Cooper a letter stating that he was required to provide medical documentation to support these new absences. See Reuter Aff., Ex. R. Cooper returned to work on June 17, but again called in sick on July 6 and 7. Because Cooper did not provide medical documentation for any of these absences, his pay was docked. Cooper then filed a grievance, which was denied. See Reuter Aff., Ex. V.

On August 15, 1995, NYSHDR transferred Cooper to the Office of its General Counsel. Although his title and salary remained the same, Cooper's responsibilities changed from administrative and supervisory duties to the settling of cases. See Defendants' Rule 56.1 Statement at ¶ 42; Reuter Aff. Ex. FF, Cooper Dep. at 90–92; id., Ex. HH, Mercado Dep. at 42.

On September 8, 1995, Cooper suffered a heart attack. While in the hospital, he received a letter from NYSDHR requesting his resignation, see Reuter Aff., Ex. Y, but the request was rescinded shortly thereafter on the ground that the Governor's directive pursuant to which the request had been made did not apply to veterans. Reuter Aff., Ex. AA. Subsequently, NYSDHR asked the Inspector General to investigate whether plaintiff was as disabled by his heart attack as he had claimed. Once again, no impropriety was found. Nack Decl. ¶ 52. Cooper subsequently retired.

■ Assessing plaintiff's claims in light of these facts, it is apparent that plaintiff has failed to establish even a prima facie case of employment discrimination. To make out a prima facie case in a Title VII action, a plaintiff must show (1) that he belongs to a protected class, (2) that he was performing his duties satisfactorily, (3) that he was dis-

charged or otherwise subjected to an adverse employment action, and (4) that the discharge or adverse employment action occurred in circumstances giving rise to an inference of discrimination. *See McLee v. Chrysler Corp.*, 109 F.3d 130, 134 (2d Cir. 1997). The same elements apply to claims under the ADA, *see Wernick v. Fed. Reserve Bank*, 91 F.3d 379, 383 (2d Cir.1996), and to claims under sections 1981 and 1983 of Title 42, *see Philippeaux v. North Central Bronx Hosp.*, 871 F.Supp. 640, 652–654 (S.D.N.Y. 1994), *aff'd mem.*, 104 F.3d 353 (2d Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1110, 137 L.Ed.2d 312 (1997). Although Cooper satisfies the first of these four elements (except possibly as to his ADA claim), as to each of the other three elements he fails to carry even his very modest burden of eliciting minimal evidence sufficient to shift the burden to the defendants to explain the actions complained of. *See Fisher v. Vassar College*, 114 F.3d 1332, 1335 (2d Cir.1997) (en banc).[1]

■ As to the element of satisfactory job performance, defendants provide undisputed evidence that Cooper was not performing his duties in a manner satisfactory to his employer prior to his employer's taking the actions of which plaintiff complains. For example, on Cooper's 1992–1993 performance evaluation, his work was rated "[b]elow standard" in several areas, and special note was taken of his repeated failures to submit required timesheets and to complete tasks on a timely basis. *See* Reuter Aff., Ex. BB. Other documents corroborate plaintiff's attendance deficiencies and his repeated failures to follow NYSDHR procedures. *See id.* Ex. DD. In response, Cooper implicitly concedes these deficiencies, offering no material admissible evidence that he was performing his duties in a manner that met his employer's requirements.

■ As to the element of adverse employment action, Cooper was neither terminated nor subjected to any adverse employment action cognizable under the relevant statutes. *See Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir.1997).

To establish that an employment action is adverse under these statutes, a plaintiff must show that the conduct complained of "affected the terms, privileges, duration, or conditions of the plaintiff's employment." *Dortz v. City of New York*, 904 F.Supp. 127, 156 (S.D.N.Y.1995) (citations omitted). Here, Cooper contends that his transfer to the Office of General Counsel was such an adverse action. However, it is undisputed that following that lateral transfer he retained the same wages and benefits as before.

■ It is true that "Congress did not define adverse employment action solely in terms of job termination or reduced wages and benefits." *Wanamaker*, 108 F.3d at 466. But the mere fact that an employee has been transferred or that his job responsibilities have changed is not sufficient in itself to show an adverse change in working conditions. *See de la Cruz v. New York City Human Resources Adm. Dept.*, 82 F.3d 16, 21 (2d Cir.1996); *Rodriguez v. Bd. of Ed. Of Eastchester*, 620 F.2d 362, 365–66 (2d Cir. 1980). Here, the defendants have provided substantial evidence that the responsibilities plaintiff was given in the Office of the General Counsel were regarded as important ones, *see* Reuter Aff., Ex. HH, Mercado Dep. at 42; *id.*, Ex. II, Lind Dep. at 57, well-suited to his particular skills, *see id.*, Ex. GG, Lovelace Dep. at 83–84; *id.*, Ex. II, Lind Dep. at 56. Conversely, plaintiff has provided no material admissible evidence that his transfer obliged him to perform tasks that were less appropriate for his skills than his prior position or adverse to him in any other legally cognizable way. Indeed, plaintiff's rhetoric aside, he has shown nothing to refute the evidence that, having found plaintiff unqualified for his prior position, his employer transferred him laterally to a position where his failings would be less of a detriment and his positive skills more effectively utilized. Simply because an employee's transfer might reflect his limitations as well as his strengths does not render the transfer "adverse."

---

1. Additionally, plaintiff has failed to offer material admissible evidence casting meaningful doubt on defendants' proffered explanations.

■ The Court has also carefully reviewed other employment actions that Cooper alleges were "adverse," such as (1) that defendants wrote to the New York State Insurance Fund requesting a medical examination of Cooper to confirm the validity of the claimed injury that gave rise to his disability leave, *see* Nack Decl. Ex. C, Lovelace Dep. at 90–91, (2) that defendants asked the Inspector General to investigate allegations that plaintiff was engaged in other work during that leave, *see id.* Ex. C, Lovelace Dep. at 71–77, (3) that defendants sent Cooper a letter dated June 16, 1995 inquiring into his failure to report to work on June 15, 1995, and requesting medical documentation for sick days taken on June 15 and June 16, *see* Reuter Aff., Ex. R, and (4) that defendants requested medical documentation of Cooper's illness on July 6 and 7, 1995 and refused to pay him for those days without such documentation, *see id.* Ex. U. In each instance, however, Cooper has failed to provide material admissible evidence that any such action adversely affected the "terms, privileges, duration, or conditions of [his] employment." *Dortz,* 904 F.Supp. at 156.

As to the element of a discriminatory inference, none of the acts complained of, either on their face or by reasonable inference, and whether considered severally or jointly, warrants an inference of discrimination on the basis of age, race or disability. Rather, the acts complained of are entirely consistent with defendants' reasonable desire to enforce personnel policies, maintain employee morale, and utilize employee skills in the most efficient manner. Indeed, plaintiff's resort to alleging every kind of discrimination for which he could possibly qualify, including age, race, disability, and even veteran status, [2] suggests the poverty of his position.

Accordingly, because plaintiff has failed to establish a prima facie case, his claims under Title VII, the ADA, sections 1981 and 1983, and New York State law must be dismissed

in their entirety, and judgment entered for defendants. Clerk to enter judgment.

SO ORDERED.

---

2. Because Cooper, although a veteran, has provided no evidence that he was "disqualified" from any position on account of his age or any war-incurred disability, his claim under section 87 of the New York State Civil Service Law must be dismissed. To the extent that the Complaint also purports to allege a violation of section 296 of the New York State Executive Law, *see* Complaint ¶ 64, such a claim must be analyzed under the same framework as claims brought under Title VII, *Reed v. A.W. Lawrence & Co., Inc.,* 95 F.3d 1170, 1177 (2d Cir.1996), and therefore, must be dismissed for the reasons set forth above.